IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRISTOPHER PAUL WALKER                                    PLAINTIFF

VS.                                                       CIVIL ACTION NO. 4:07cv85-JCS

CAPTAIN R. GRUBBS and
OFFICER "UKNOWN" MARSH                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of Defendant Robert Grubbs for summary judgment.[1] An order of reference to the undersigned was previously entered herein, and the parties have consented to exercise of jurisdiction by the undersigned. Plaintiff has not responded to the motion. Having considered the motion, court concludes that the motion should be granted.

Plaintiff is a convicted state inmate who during the relevant time period was incarcerated at East Mississippi Correctional Facility. He brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendants, employees of the prison, allowed some of his personal property to be stolen or lost while he was in lockdown. Defendant Grubbs argues that Plaintiff's complaint should be dismissed because it does not state a constitutional claim. The court agrees. It is well-settled that intentional deprivations of property by state officials do no violate the constitution if adequate post-deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517 (1984). Negligent deprivations likewise do not raise a constitutional claim. *Daniels v. Williams*, 474 U.S. 327 (1986). Mississippi

---

[1] The other defendant, Officer "Unknown" Marsh, has not be served with process.

common law provides adequate remedies for the taking of personal property. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Moreover, the Mississippi Department of Corrections Administrative Remedies Program provides an additional means of obtaining redress for property deprivations. *See Hudson*, 468 U.S. at 536 n. 15 (inmate grievance procedures put in place by the prison may constitute an adequate post-deprivation remedy). Accordingly, the court concludes that the Defendant's motion for summary judgment should be granted. Furthermore, because Plaintiff has failed to present an arguable constitutional claim, this action will be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), with the dismissal counting as a "strike." [2]

A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 12th day of February, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE

---

[2]"The three-strikes provision of the Prison Litigation Reform Act bars prisoners from proceeding *in forma pauperis* in a civil action or in an appeal of a judgment in a civil action if, while incarcerated, the prisoner has had three prior actions or appeals dismissed for being frivolous or malicious or for failure to state a claim, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(1g).